**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **Plaintiff** : | |
| : | **CASE NO. 2:22-CR-109** |
| v. : | |
| : | **JUDGE MORRISON** |
| **TOMAS HAILEMARIAM** : | |
| : | |
| **Defendant.** : | |

_____

**MOTION OF DEFENDANT, TOMAS HAILEMARIAM,
FOR PRODUCTION OF EXCULPATORY EVIDENCE**
_____

Pursuant to the due process clause of the Fifth Amendment to the United States Constitution, Defendant, Tomas Hailemariam, through counsel, moves this Court for an Order compelling the Government's production of all evidence know or which may become known to the United States Attorney favorable to the Defendant, and material to either guilt or punishment, including the following:

A. Prior felony convictions, misdemeanors convictions, and/or juvenile adjudications for all witnesses: (1) expected to be called by the Government at the trial; (2) who testified before any grand jury concerning this case; or (3) who furnished written or oral statements during the investigation of this case.

B. Specific incidents of misconduct of "bad acts" by all witnesses expected to be called by the Government whether or not such conduct resulted in a criminal conviction.

C. Disclosure by the Government of any and all consideration it has held out to a witness, or witness' attorney, to encourage that witness' cooperation with the Government; tentative plea bargaining; monetary compensation; assistance in avoiding prosecution in other jurisdictions; omission from being named in an indictment or as an unindicted co-conspirator; civil or tax immunity grants; assistance or favorable treatment or recommendations with respect to any criminal, civil, tax court, court of claims, administrative, or other legal dispute with the Government (State or Federal); or any other considerations, regardless of their nature, granted or promised, which contemplate leniency or preferential treatment in exchange for cooperation with the Government.

D. The existence of pending criminal charges, either felony, misdemeanor, or juvenile, as well as parole, supervised release, post release control, probation, or deferred prosecution status of any and all witnesses the Government expects to call, and any other pending or potential legal disputes and/or transactions each Government witness may have with the Government.

E. The disclosure of the utilization of any line-up or show-up procedures or photographic arrays conducted in the investigation of the case; and the time, date, place and identity of all participants in these procedures, as well as the particular law enforcement agency conducting the case. Disclose whether the law enforcement agency that conducted these procedures has any policies, guidelines, or rules regarding the manner in which the procedures

described herein are to be conducted.

F. The result of any line-up, show-up, or photographic identification procedures as conducted by law enforcement agencies, as well as all descriptions given by witnesses regarding the identification of the Defendant or any other alleged perpetrators. Disclose whether the law enforcement agency that conducted these procedures has any policies, guidelines, or rules regarding the manner in which the procedures described herein are to be conducted.

G. Statements or summaries of statements from Government witnesses, and individuals the Government does not intend to call as witnesses, obtained by law enforcement agencies which relate to the alleged offenses, or which are otherwise favorable to the Defendant.

H. The disclosure of the psychiatric background of all witnesses the Government expected to call at trial.

I. The Court is also requested to order that all Government witnesses be required to maintain notes from interviews conducted during the course of the investigation in order to determine the existence of exculpatory matters that may be subject to production pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

J. Psychiatric or psychological reports concerning the Defendant's insanity or competency.

K. Specific evidence which detracts from the credibility or probative value of testimony or evidence used by the Government.

L. The personnel file of all Government witnesses, and identity of any

Government files concerning the Government witnesses, or in which the Government witness is mentioned.

Respectfully submitted,

/s/ Dustin M. Blake
Dustin M. Blake (0080560)
BLAKE LAW FIRM CO., LLC
492 S. High St., 3rd Floor
Columbus, Ohio 43215
(614) 705-2290 – Office
(614) 453-8564 – Fax
dblake@dustinblakelaw.com
Attorney for Defendant Tomas Hailemariam

**MEMORANDUM IN SUPPORT OF MOTION**

As this Court is aware, the disclosure of evidence favorable to the accused includes impeachment material that may affect Government witnesses, since such information is material both to guilt and punishment. *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995).

In *Brady*, the Supreme Court held that suppression by the prosecution of evidence favorable to a Defendant who has requested it violates due process when the evidence suppressed is material either to guilt or punishment. The *Brady* rule applies whether the suppression resulted from bad faith acts of the prosecution or through the inadvertent acts or omissions of a prosecutor acting in good faith. *Brady* imposes an affirmative duty on the prosecution to produce, at the appropriate time requested, evidence that is materially favorable to the accused, either as direct evidence or impeachment evidence. These materials include grand jury testimony of a witness where favorable evidence exists that must be disclosed pursuant to *Brady*. *See United States v. Campagnuolo*, 592 F.2d 852 (5th Cir. 1979); *United States v. Azzarelli Const. Co.*, 459 F. Supp. 146 (E.D. Ill. 1978); *United States v. Brighton Bldg. Maint. Co.*, 435 F. Supp. 222 (N.D. Ill 1, *affirmed* 598 F.2d 1101 (1979)). The Defendant is mindful of the specificity requirements of *Brady* and *Agurs*, and therefore, the above-listed demands for favorable information, including impeachment evidence concerning Government witnesses, are set forth in detailed fashion.

It is mandatory that evidence that may be used to substantially impeach the

credibility of Government witnesses be disclosed to the defense. *Giles v. Maryland*, 386 U.S. 66 (1967); *Bell v. Bell*, 512 F.3d 223 (6th Cir. 2008); *United States v. Crowell*, 586 F.2d 1020 (4th Cir. 1978); *United States v. Butler*, 567 F.2d 885 (9th Cir. 1978). The Government must also reveal promises of leniency or immunity for its witnesses. *United States v. Pfingst*, 490 F.2d 262 (2nd Cir. 1973).

Upon request, the Government must disclose the prior criminal record, or other prior material acts of misconduct, of its witnesses. *United States v. Seijo*, 514 F.2d 1357 (2nd Cir. 1975). Furthermore, pending charges against a Government witness must also be disclosed by the Government. *United States v. Fried*, 486 F.2d 201 (2nd Cir. 1973). Likewise, any correspondence or other communications sent to the prosecutor stating the promises made to the witness or preferential treatment granted to the witness, or indicating pressure to testify, must be disclosed to the defense. *United States v. Badalamente*, 507 F.2d 12 (2nd Cir. 1974).

Where a Government employee serves as a prosecution witness, the Defendant is entitled to have access to the employee's personnel file in order to ascertain whether there is information within it which could be of an impeachment nature. *United States v. Austin*, 492 F. Supp. 502 (N.D. Ill. 1980); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). All Government files should be identified so that specific and appropriate motions can be addressed to them.

The Defendant has specifically requested the psychiatric history of Government witnesses as *Brady* material. The Government is required, upon specific demand, to provide this information. *Boggs v. Collins*, 226 F.3d 728 (6th Cir. 2000); *Chavis v. North Carolina*, 637 F.2d 213 (4th Cir. 1980); *United States v.*

*McFarland*, 371 F.2d 701 (2nd Cir. 1996).  The same requirement of disclosure is true if the Government knew a witness had an appetite for narcotic drugs at the time of the relevant events.  *United States v. Kinnard*, 465 F.2d 566 (D.C. Cir. 1972).

Failure of the Government to provide favorable evidence, including impeachment matters as specifically set forth herein, may constitute reversible error. *Kyle v. Whitley*, 514 U.S. 419 (1995);  *See United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992);  *United States v. Iverson*, 637 F.2d 799 (D.C. Cir. 1980); *United States v. Bigeleisen*, 625 F.2d 203 (8th Cir. 1980); *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980).

The Defendant specifically requests this Court to authorize disclosure for requested *Brady* material as soon as practicable in order that the Defendant may use this information in preparation of the defense.  Disclosure of *Brady* material in advance of trial has been judicially ordered.  *United States v. Bernal-Obeson*, 989 F.2d 331, 336 (9th Cir. 1993); *See United States v. Pollack*, 534 F.2d 964 (D.C. Cir. 1976); *Grant v. Aldredge*, 498 F.2d 376 (2nd Cir. 1974); *United States v. Deutsch*, 373 F. Supp. 289 (S.D.N.Y. 1974); *United States v. Thevis*, 84 F.R.D. 48 (N.D. Ga. 1979). It is therefore respectfully requested that all evidence favorable to the accused be produced in advance of trial in order that the Defendant's right to due process of law be fully protected.

Further, Defendant requests that any information which the Government determines is not exculpatory be provided to this Court for an *in camera* review. *United States v. Lloyd*, 992 F.2d 348 (D.C. Cir. 1993); *United States v. Minsky*, 963 F.2d 870 (6th Cir. 1992); *United States v. Rewald,* 889 F.2d 836 (9th Cir. 1989).

**WHEREFORE**, Defendant respectfully requests that this motion be granted.

Respectfully submitted,

/s/ Dustin M. Blake
Dustin M. Blake (0080560)
BLAKE LAW FIRM CO., LLC
492 S. High St., 3rd Floor
Columbus, Ohio 43215
(614) 705-2290 – Office
(614) 453-8564 – Fax
dblake@dustinblakelaw.com
Attorney for Defendant Tomas Hailemariam

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was electronically served upon the Assistant United States Attorney, United States Attorney's Office, 303 Marconi Blvd., Suite 200, Columbus, Ohio 43215, on this June 27, 22.

/s/ Dustin M. Blake
Dustin M. Blake (0080560)