UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Case No. 2:22-cr-109

Tomas Hailemariam,

Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Tomas Hailemariam ("Defendant") moves to continue his trial date. ECF No. 31. For the following reasons, the motion is **GRANTED.**

Defendant is charged with one count of being a felon in possession of a firearm, one count of possessing a firearm in furtherance of a drug trafficking crime, and one count of possessing with intent to distribute fentanyl. *See* Mot. 2, ECF No. 31. Trial is currently set for August 22, 2022. ECF No. 30.

Defendant moves to continue his trial date. ECF No. 31. Defendant contends the continuance is warranted because he needs additional time to prepare and to attempt to resolve the case short of trial. *Id.*

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, commands that, for any case in which a defendant has not pleaded guilty, trial must begin within seventy days of the date the defendant has an initial appearance or is charged, whichever is later. 18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S.

196, 198 (2010). The Speedy Trial Act allows for certain delays to be excluded from the seventy-day clock. See 18 U.S.C. § 3161(h). Some of these delays—for example, those enumerated in subsection 3161(h)(1)—are automatically excluded. See Bloate, 559 U.S. at 199.

When, however, a delay results from a continuance granted at the request of a party, that time is excludable only if the Court makes "specific findings" that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Bloate, 559 U.S. at 213; 18 U.S.C. § 3161(h)(7)(A). These findings must be "in the record of the case, either orally or in writing." Zedner v. United States, 547 U.S. 489, 506 (2006) (quoting the then-existing version of 18 U.S.C. § 3161(h)(7)).

When considering whether to grant a so-called "ends of justice" continuance, a court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An "ends of justice" continuance may not be granted based on "general congestion of the court's calendar," or for "lack of diligent preparation or failure to obtain available witnesses" on behalf of the Government. 18 U.S.C. § 3161(h)(7)(c).

The Court has considered the Subsection (h)(7)(B) factors. Based on Defendant's representations that he needs more time to prepare and to attempt to resolve this case short of a trial, the Court finds that denying the motion would deny Defendant the "reasonable time necessary for effective preparation." *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, a continuance is warranted, and the "ends of justice served by the granting of [this] continuance outweigh the best interests of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(A). The delay caused by this continuance is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h).

Trial is set for **March 13, 2023, at 9:00 a.m.** The final pretrial conference is set for **March 8, 2023, at 11:00 a.m.** All motions *in limine*, any other pretrial motions, and proposed jury instructions are due by **March 1, 2023.**

For these reasons, Defendant's motion is **GRANTED**. The Clerk is **DIRECTED** to terminate ECF No. 28.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**